Good afternoon. My name is Stephen Begler. I'm here on behalf of Dr. Lawrence Mc Gehan. I would like 12 minutes for my case in chief and three minutes for rebuttal time, if the court permits. Is the court aware of the procedural and historical background of this case? Yes. Okay. Well, we appealed from the judgment of conviction with Dr. Mc Gehan based on the indictment, which we feel was factually and legally insufficient. In the indictment there are, in which he was convicted, the accounts of mail fraud, in which Ben Franklin Technologies, the company to which Dr. Mc Gehan was CEO, was convicted on based on a failure to provide honest services. The second group of accounts in which he was convicted was mail fraud, in which he was supposed to have given the duty of honest service to the Navy, of which Dr. Mc Gehan did not work for the Navy and was never employed by the Navy, was never in the Navy. And the third one, we argued that the major fraud counts, which Dr. Mc Gehan was convicted on, should have been voided because of the spillover effect on the first two sets of accounts that the jury heard the facts on. What are the two sets of accounts as between the duty owed to the employer, BFTC, and the duty allegedly owed to the Navy? Well, the first set of accounts is that Dr. Mc Gehan failed to provide honest services. I know what they're about. I'm just asking, how many counts, which counts? Counts, which Ben Franklin was the victim, were 6, 8, and 9. The Navy was three counts, 13 and 14. Three counts, 10, 11, and 13. There were accounts of mail fraud, which were 19, 20, 21, and 22. And accounts 23, 24, 25, through 29 were the major fraud against the United States. Now, in its allegations, the government never proved a violation of state law as a limiting principle that Dr. Mc Gehan purportedly violated. But you're not talking about proof here. You're talking about the indictment. That's right. How is the indictment faulty in what it averts? Well, it did avert that there was a state law limiting principle, that the limiting principle that Dr. Mc Gehan violated something in Pennsylvania law. Well, you're right. They said abused authority, and I think generally breached trust of that kind. Isn't that sufficient as breach of fiduciary duty to support honest services fraud, at least as against BFTC? But this court held in United States v. Peter Murphy that when it's a local political actor, there has to be a violation of state law. How are the political cases, how are the public employee cases at all helpful to any of us here in this context where we're talking about employees of a private entity? Well, Ben Franklin is not a totally private entity. It was created by the state legislature to bring technology companies to the region, western Pennsylvania region, where there was a dearth of industry after the steel industry declined in western Pennsylvania. Your question is, the limiting principle, in these political actor cases, we're talking briberies or some sort of payoffs or things of that nature, racketeering charges, which would be a governing factor in these type of prosecutions. Dr. Mc Gehan never illegally took a dime and was never accused of stealing any money or wielding undue power or influence or anything like that. The indictment does say, though, at least one point, that they caused pay for personal expenditures for the benefit of themselves and other employees without proper business purposes. Doesn't that fit squarely within honest services? Yes, it does. But my problem is there was no, there's no, this would never have been a state court criminal case. This, and since the federal government Why does it have to be a criminal case? That's, that was my point. I think this is a civil matter that Dr. McGehan did things to the corporation, which he was cruelly improper, but in a civil context, just because he, let me rephrase this. I have a problem with the prosecution and the indictment in that the United States of America can take a civil case and then prosecute someone criminally for it. This is not your standard mail fraud case. Well, what does the statute say, however? What is the language of the 1346? It says that the defendant has a duty of honest services to the court. No, no. It talks about a scheme or artifice to defraud. It includes a scheme or artifice to deprive another of the intangible right to honest services. I guess it does say that. Do we, do we read into that, that the deprivation of the intangible right of honest services has to have been fraudulent in some way? I mean, you could deprive of a right of honest services. You know, someone could be required to work for eight hours a day and leave after seven hours. You know, they've deprived of the right of honest services. Are you saying we need to read a fraudulent, a proof, intent to fraud within there? Yes, that would be my argument, yes. Are you also saying that we have to read some kind of violation of state penal law into this? Well, I think it's helpful to look at a violation of state penal law. It would be helpful to us to know what your position is. Is that required? It's not required, but this court could make that finding. If you violate state civil law and then you're making a federal criminal prosecution, it doesn't stand to be logical, it doesn't seem to be logical to me in this circumstance. Yes, if you leave after seven hours when you're supposed to work eight hours, is that a crime? Maybe if you're submitting billing or something like that to steal from the company, where would you put profit in that regard? All right, so you're suggesting to us, at the least, that certainly not every breach of an employment relationship or of an employment agreement is going to rise to the level of prosecutable conduct under 1346. Exactly, that's exactly the point, Judge. Okay, but we need, I think you're suggesting, to place some kind of bounds on this, which our jurisprudence in this circuit really doesn't have to this point. That's exactly my point, thank you. Let me ask you this, if it's not a violation of a state penal code, what is it or what should it be? What other source of standard or positive law should we look to out there that can provide some bounds to what is otherwise available to federal prosecutors under 1346, which I would agree with you, unbounded, is vast. I think we have to look at criminal intent on the part of the defendants, and can the government show that? In this case, I would submit there was absolutely no criminal intent of Dr. McGeehan to defraud the auto services of Ben Franklin Corporation in absence of a state penal law violation. If he misrepresents himself, as you said, if he works seven hours and puts in a voucher for eight hours, that has criminal intent to it. But I think we have to look into where the defendant's intent is in such a case. You're talking about being prosecuted by the United States of America in federal court. It's a very daunting challenge for anybody, of course. Am I right? Am I correct in separating these matters into two areas? One, the counts involving depriving BFTC of auto services, and the other dealing with the Navy? That's right. OK. So let's take the first one. Leave out the Navy for a second. And let's assume we think that these are private parties, so we're not into the political public area. Is the rule the same for private parties as it is for public officials? My review of the case law is I don't know the answer to that in this circuit. The Peter Murphy case deals with political actors. The United States v. Murphy 2003 case, of which you belong to, as you remember. But finding what takes place in a private setting, I haven't found the answer to that question. Why should it make a difference? Why should there be two different rules? I don't think there should be two. You can have First Amendment issues, freedom of speech, that you get in the public employee context that you may not get in the private actor context. That's one issue, obviously, that's very difficult. The other is, what does the fraud consist of and what right are we looking at? Do we have to look, as Judge Smith and Judge Rendel said, do we look at violation of state criminal law? Do we look at violation of some other state law? I think violation of state criminal law is helpful, along with criminal intent. I point out, why should there be a difference between how state political actors are and private actors are? Certainly, if we're talking from an equal protections standpoint, there shouldn't be any difference. Well, let's assume we agree with you on that. Why isn't a breach of fiduciary duty sufficient in a case like this one? Assuming we find a breach of fiduciary duty. A breach of fiduciary duty is so broad and so vague, it can encompass many, many acts or standards. Where would we find a breach of fiduciary duty in this particular case? That's the problem. You could find a breach of fiduciary duty if he was, say, self-viewing and Ben Franklin was contracting with another company and he was making profit with the other company. That would be a breach of fiduciary duty. Well, the allegation was that he was misusing these state funds for his own personal benefit. It should have been used for the benefit of the corporation and so forth. He was using the funds to fund Ben Franklin after they had gotten into trouble with a conference that they had paying off, a conference which didn't raise enough money for it. He was actually working with or trying to help Ben Franklin out. Again, my problem is the criminal intent possessed by Dr. McGee at the time of his dealings as CEO of Ben Franklin. I hope the Court is aware of my position. Do you have any more questions? The concept of honest services, so often it does involve self-dealing. I guess what we're trying to find a way – our prior case law talks about breach of fiduciary duty. Absolutely. As supporting a cause of action. But are you saying that we have to look at the nature of the breach? I would note – And if somehow it involves a failure of honest services to another entity in that they were essentially – didn't get what they were paying for much in the way that the public official who does this robs the – Taxpayers. Taxpayers of public services. Here the misuse – and I guess we'll let your opponent respond to the issue of misuse of funds as compared to – and maybe it comes from the word of deprivation. I mean, the concept is artifice to deprive of honest services. I guess the question is how close – what do we mean by deprivation also? I'm probably thinking out loud, but I thought I would use the rest of your time since you didn't want to. Thank you very much. Hold on. Oops. Let me ask you just one other question. With respect to the charges involving the Navy, let me make sure that I understand your position on that. My position simply is he does not owe the Navy a duty of honest services since he does not have a fiduciary responsibility with the Navy. He had a contractual obligation with the Navy pursuant to a contract that Ben Franklin had administered. The Navy would fund Ben Franklin, and then Ben Franklin would turn the money over to technology companies. Did the corporation even owe a fiduciary obligation to the Navy? I would submit no. I'd be interested to hear what Mr. Ivory has to say about what the proof at trial showed in that regard. Okay. Thanks. Counsel, you have not appealed based on the sufficiency of the evidence or instructions to the jury, have you? No, we have not. Just on the indictment. Good. Thank you very much. May it please the Court, my name is Mike Ivory. I'm an assistant U.S. attorney from Pittsburgh. Good afternoon, Your Honors. Good afternoon. With respect to the obligations that were owed first by the defendants to Ben Franklin, those duties and obligations arose out of state corporate law. Our submitted points for charge in the jury was specifically instructed that the defendants had an obligation to act in the best interest of the corporation. So if I pay, if I spend money over and above the budget for the corporation, and my board of directors is upset, and I'm the CEO, they go to the local prosecuting attorney and I get, and I send something through the mail, I pay more than I should have for something, and they don't like it, I get indicted? No, you don't. It depends, of course, what the expenditures were for. I mean, if there was an untoward corporate event that necessitated you dipping into the funds to pay for an emergency or something like that, I don't think. Well, who's to say? You mean we have criminal law where someone's going to wonder whether the $20,000 over expenditure for the picnic versus a $40,000? Is this really something we should criminalize? Well, it would have to be part of a scheme and artifice to defraud. I mean, there's a quantum of proof that would be involved here. What kind of notice are we through, in the first instance, the statute, and secondly, any standard or principle this court chooses to adopt? What kind of notice are we giving to the world about what kind of conduct by employees of private entities, what is prescribed? What do people know is wrongful? I think what we'd have to do is look at the facts of the case, what evidence we have here. I mean, there was a wanton and wholesale circumvention of physical controls that the Board of Directors had in place to make sure the funds were being properly expended. You had Dr. McGeehan having underlings pay for social events, charging it. He oversaw their credit cards, knowing full well that the Board of Directors was going to scrutinize his credit expenditures. You had the manner by which checks over the amount of $10,000 a board member had to sign them. Dr. McGeehan did too. They undermined that. You charged this as effectively an underlying breach of fiduciary obligation as your basis for 1346. That is correct. And you charged that as to both BFTC and the Navy. That's correct. Where's the breach of fiduciary obligation to the Navy? Under the cooperative agreement. What's the language? Please give us specifically the language in that agreement. What provision creates a fiduciary obligation? There are several. Article 1.3, which is one of the first articles, obviously, in the cooperative agreement, indicated that the government and the recipient, that's BFTC, were bound to each other by a duty of good faith and best efforts in achieving the goals of the NEAMET program. Is that language a fiduciary obligation? I think, Your Honor, that whenever you consider it, and this was not fleshed out in briefs all that much, but in our response to the defendant's motion to dismiss the indictment, we argued that under Pennsylvania's law of agency, and I think that they adopted the restatement second formula for determining when an agency relationship exists, that we argued that, in fact, Ben Franklin was an agent of the Navy. Additionally, Article 5.6 deals with the management, et cetera, of the payable losses. I'm sorry, what provision? Article 5.6, and that would be contained within the supplemental appendix that I submitted, which was the cooperative agreement. It indicated, again, that the government program manager had the final say. Article 5.6. How is having the final say language suggestive of a fiduciary relationship? Well, it's suggestive of an agency relationship, and built into any agency relationship is a fiduciary. Agency is a fiduciary relationship, Your Honor. So BFTC might have had that relationship. That's correct. Now, how do we take it back to say that these two individuals thereupon, because their entity had this contract, that they therefore owed that fiduciary duty? Corporations can only act through the officers, board of directors, through people. I mean, corporations are people, but without people working on the corporation. And the officers have fiduciary obligations. That's correct. But also, the Navy counts charged a violation of 1346 in aiding and abetting. So McGeehan and Halluska aided and abetted BFTC's breach of the fiduciary obligation that it owed to the Navy. That typically happens within Section 1346 prosecutions. If I go to bribe an alderman, saying I'm a public citizen, I don't know the population, good faith and honest services, but I am aiding and abetting by soliciting a bribe to an alderman if we were looking at this within the political section. Now, did you have to prove intent to defraud? That, I believe, is an element of the offense. That's correct. And, again, I think that the evidence we presented clearly indicates an intent to defraud. I mean, restricting- Because it's not really clear in the indictment. It talked about devise and intend to devise a scheme and artifice to defraud of honest services. That's correct. But was the jury instructed that they had to find clearly an intent to defraud? Yes, Your Honor. Yes, our proposed points for charge did have that as an essential element of the offense, as well as the obligations that the defendant owed the corporation under Pennsylvania corporate law. And, again, I think that the evidence pretty much does establish that there was an intent to defraud on the part of Dr. McGeehan and Mrs. Olushka in this case. Mr. Ivery, I have to take you back to something you said about three minutes ago. Sure. And I think this is what I heard you say, that every agency relationship is inherently a fiduciary relationship. Well- You did say that, didn't you? Yeah, I believe I did. And I think that it's been a while since I took agency, but I'm pretty certain that there is- the agent does owe a duty of loyalty to the principal or to the master. That's not the same thing, however, as a fiduciary obligation, is it? Well- The trust inherent of a fiduciary obligation is not coextensive with the specific relationship of principal agency, or perhaps more correctly, the other way around. Well, I suppose that what is required is that there is honesty between the agent and the principal, and there is a degree of trust that's involved in an agency relationship. The statute- every breach of an employment contract might not be susceptible to prosecution under 1346. That sounds pretty much like a reductio ad absurdum argument to me, unless we accept that every agency relationship is fiduciary in nature. I understand the court's concerns with respect that there be a limiting principal in 1346, and courts have indicated that the statute could have a seemingly limitless reach. So what should our limiting principal be in these types of cases? And I do think that this case is inherent. Would you agree that this is a different case from Parrella and Antico? Clearly, I mean, all of those cases involved political actors, and the limiting principles that this court found were in, I think, in the Murphy case, the fact that there's a duty to disclose- well, no, not Murphy, Parrella and Antico, there was a duty to disclose under Pennsylvania law. I think that other courts, in deciding this, have taken into account the fact that 1346 obviously must be read in connection with case law involving 1341 mill fraud, 1343 wire fraud. And I think that the overall limiting principle was set forth by the Supreme Court in the Netter decision back in 2000, which indicates that materiality is an element of any mill fraud or wire fraud case. How does that help us, however, and how is that limiting if one is simply applying materiality within the employment contract setting? What constitutes a material provision of an employment contract may be sufficient for purposes of a civil proceeding that is essentially breach of contract, but how is that any kind of limiting principle under 1346? Well, the Netter decision speaks to de minimis infractions or de minimis misrepresentations, those that are not material. For example, if we go back to the example of the hourly employee leaving an hour early, I mean, that's a de minimis infraction. But if that same employee has 15 ghost employees on the same payroll, I mean, clearly that's a material misrepresentation involved there. It's why the courts have developed the two tests that I set out in my brief, and I think why the courts have examined 1346 within the context of the Netter decision as well as other case law involving 1341 and 1343. How do you read the Murphy case? I think Murphy is distinguishable on the facts that it involves state political actors. Why should that make a difference? With respect to state political actors, the obligation that is owed is relatively straightforward. Politicians, political actors owe a duty of honest services, good government to the citizenry. In this case, there was a state law principle, which is that first, with respect to the Ben Franklin counts, that the defendants owe the corporation to act in their best interest. And then, with respect to the Navy counts, it's the term set forth in the cooperative agreement. It seems to me that we get into a fuzzier area with state actors than we do with the public officials. That is, a public official knows or ought to know and is on notice, I would say, that there are certain things that they should or should not do. When you get into the private actors, it gets a little bit different. It would seem to me there's even greater need for a limiting factor in the private area than there is with the public official. In Murphy, the court said that the government could not point to an established right of honest services that Murphy owed to the county or its citizens beyond a criminal statute, which we do not believe can create a fiduciary relationship. And then went on to cite the Seventh Circuit case in defining what fraud is. Deceit includes the deliberate concealment of material information in a setting of fiduciary obligations. That's exactly what we had here. Okay, but define again the fiduciary obligation, just because what is the statute? You're saying it's the Pennsylvania corporation law? Pennsylvania law of corporations with respect to not-for-profit corporations, and that's contained in our... To act, and the idea is that you have to act in the best interest of the corporation. That's correct. But you didn't allege that in the indictment. You used terms like abuse their authority, abuse their authority, and you have not alleged in the indictment any breach of fiduciary duty. I don't think that we were required to allege a breach of fiduciary duty. What do you think you were required to do in the indictment? That there was a duty of honest services owed, and that they failed to render those honest services. And that's consistent with the statute, because the statute does not make it unlawful for a breach of fiduciary duty. It's to deprive someone of honest services. But as Judge Sirica has just pointed out, we have said in the public context that we need some limiting principle, so that there is some clearly illegal or improper activity that underlies what is indicted for, so that lest, and I think we said this in Panarello, lest we start criminalizing everything imaginable. I think it also goes to Judge Smith's concept of notice. You're saying here that a mere indictment because of abuse of authority and a duty of loyalty, as compared to clear breach of fiduciary duty, is enough? A couple, Your Honor. As set forth in the indictment, allegations of loss, specific instances on how they owed the Board of Directors information, and that they affirmatively took steps to conceal material facts from the Board of Directors, keeping the Board in the dark, indicating also that the funding streams should not have been commingled, but they were, not living up to the obligations that Ben Franklin owed the Navy under the NEOMEC contract. I think that the indictment is more than sufficient to, well, it tracks the statutory language. What? It puts the defendant on notice as to what, so he can defend himself or plead double jeopardy in that event. I mean, I think that the indictment is more than sufficient. What do you get by pleading or by charging honest services that you wouldn't get, wouldn't be able to allege if you were pleading straight mail fraud and artifice to defraud, separate and apart from honest services? That's a good question, and I was not involved in the charging decision in this case. I mean, I was co-counsel at trial, but I did not, I was not involved in the actual investigation or the charging decision. So you don't know any better than the defendant does exactly what they were being charged with? No, that's not true, Your Honor. I mean, again, what the indictment alleges, what the evidence at trial showed, is that the defendants engaged, owed Ben Franklin and the Navy a duty of honest services. That they, through, by a number of different manners and vehicles, deprived Ben Franklin and the Navy of the honest services owed to them. And that this was achieved through a number of different factors, all of which dealt with material misrepresentations or omissions. Clearly, there was an intent to defraud. I think that the indictment, as drafted, as submitted to the grand jury, is more than adequate to put the defendant on notice as to what he did, what they did. To go back to Judge Rendell's question, does the government need honest services and honest services theory in order to prevail in a case like this? I believe so, Your Honor. Yes, I do. Clearly, because what was at issue here was more than just the personal enrichment that Dr. McGeehan and Ms. Olushka realized. Clearly, there was a wanton breach of the honest services that were involved here. Ben Franklin Technology Center no longer exists in western Pennsylvania. The Navy ended up having to pay the subcontractors who had reached their milestones twice, because we had advanced the funds in the first instance that were misused. And then these guys were doing the work and not getting paid. Clearly, it all stems from their failure to render honest services, or their ability to deprive the Navy of honest services. So I think that that's what we get that we would not typically get in a regular 1341 or 1343 prosecution. What case would be close to this in terms of a fact pattern? Because I tell you, I haven't found one. I couldn't find anything here in this circuit. Probably, several come to mind. There were a big decision out of the Second Circuit, as well as the Frost. They talk about duties of loyalty, generally. Duties of loyalty, generally. There was the Frost decision. And there's also a case, I believe, out of the Tenth Circuit, dealing with the individuals involved with the Salt Lake City Olympics for bribing members of the International Olympic Committee. That was personal gain, wasn't it? I don't think that was personal gain. That was to get the Olympics to come to Salt Lake City. There was personal gain, obviously, to the people who received the bribes, who were members of the IOC. But in terms of fact patterns, I did an extensive look at the Pre-McNally case law. I couldn't find anything on point. Some interesting cases dealing with other intangible interests that are involved, but nothing in terms of fact. So, in both the Ben Franklin case situation and in the Navy situation, you're saying that the underlying right or duty here is the breach of fiduciary duty? That was an argument that we made. That's what the evidence showed. Now, what if we did not have that? Would a contract be sufficient? Well, obviously it would depend on the terms and provisions of the contract. All contracts do require arm's length dealing, good faith, but depending on what the contract is for, with the terms of the contracts, I could conceive of a situation where there is a duty of honest services that could support a 1346 prosecution. Well, the problem with looking at it that way is that there don't seem to be any standards that people can guide their conduct by, and I'm not saying that that was the case in the facts in this particular case, where some of the things seem to be pretty egregious. But if we were to say that some contracts might and some contracts might not, and then you get into close questions, then you really get into a situation where there's no real limiting factor to the scope of the honest services theory. I can appreciate the concerns, which is why I predicated my argument with We have to look at case law involving the mill fraud statutes and the wire fraud statutes, and there has to be an intent to defraud. It has to be a material misrepresentation or omission, which I think do serve or do set the appropriate governing principles for a 1346 case if it's going to be predicated upon the breach of a private contract. Well, if there are no further questions, I'd ask that the court affirm the judgment of the condition in this case. Thank you very much. In rebuttal to what Mr. Ivery had to say, the test in many of these cases is, does the defendant know or do people understand which conduct is prohibited? And in this case, I will submit, we didn't know what was prohibited. I tried this case, and in the prosecutor's opening statement, it wasn't Mr. Ivery, it was Mr. Garrett, he stated that Ben Franklin had a retreat at Mimicola Woodlands Resort, which is a very nice resort in western Pennsylvania. And he said, well, it was expensive, but I guess that's all right. And that was my whole point during the entire trial. What's all right and what's not all right? Where do we have these standards? And the fact is, if this wasn't an honest services case, I would submit they could not prosecute Mr. McGee because there wasn't the self-dealing, the bribery, that sort of thing that normally takes place in a mail fraud case. But mail fraud doesn't have to include self-dealing or bribery, does it? No, it does not. Of course not. The second point I want to make in response to Mr. Ivery, I don't think every agency relationship creates a fiduciary relationship. I can think of many examples, just not right now, of where that doesn't take place. Half the time you may not even know who your agent is in an agency relationship. Why do I want to have a fiduciary responsibility with that? And the third point I'd like to make in response, it was brought up in the neo-Nazi agreement to maintain the funds and the funding through the Navy, that there was a duty of care in that. There's also language in that contract which states, well, on motion, either side can terminate this contract within several weeks. And that would be the end of the contract. So I would submit that would be the language out, not that, oh, if you mess this contract up, we're going to indict you in federal court. On the Ben Franklin counts, how would you define the relationship of the defendants to the corporation? Oh, he had a duty to act in its best interest. But if you make a mistake, that's not necessarily a crime. And I liken it to the Pittsburgh Stewards that traded Ben Roethlisberger for Cordell Stewart. That's not in its best interest, but it's certainly not a crime. No, no, this is using state funds intended for one purpose and misusing them or using them for another purpose. He was taking state funds and he was using it as part of Ben Franklin's gatherings and social events and things of that nature. He wasn't taking the money and using it personally. He wasn't taking the money and giving it to his girlfriend, his wife, his family members or anything like that. That's not what the evidence was. And clearly we would know that to be a crime. That would be wrong to do. What he did was malpractice as far as running Ben Franklin Technologies, but I would submit it wasn't criminal in nature. Unless there's any other questions, I thank the panel for its time. Good. Anything else? We thank counsel for an excellent argument. We'll take the case under revising. Thank you. Thank you.